FRED WACHTA *et al.*, Plaintiffs-Appellees, *v.* FIRST FEDERAL SAVINGS AND LOAN ASSOCIATION OF WAUKEGAN, Defendant-Appellant.

Second District    No. 81-130

Opinion filed December 31, 1981.

Thomas W. Diver and Robert M. Bollman, both of Diver, Bollman, Grach and Quade, of Waukegan, for appellant.

John L. Swartz, of Giffin, Winning, Lindner, Newkirk, Cohen and Bodewes, of Springfield, for *amicus curiae* Illinois Savings & Loan League.

Richard J. Biondi and Shelby Yastrow, both of Wasneski, Kuseski, Flanigan and Dixon, of Waukegan, for appellees.

JUSTICE NASH delivered the opinion of the court:

Defendant, First Federal Savings and Loan Association of Waukegan, appeals from a judgment declaring that a proposed assignment by plaintiffs of their beneficial interest in a land trust would not be a conveyance of title which would entitle the lending institution to accelerate the due date of the entire indebtedness of the mortgage loan it made to plaintiffs.

Plaintiffs, Fred Wachta, Harold E. Brown, John Fritsch and Shelby Yastrow, owned certain property, and, on January 20, 1977, they entered into an agreement with the Bank of Waukegan whereby the property would thereafter be held in a land trust with the bank as legal and equitable title holder of the property and plaintiffs as owners of the beneficial interest in the land trust. In April 1977, plaintiffs made

application to defendant for a $350,000 loan to finance construction of an apartment building. The loan commitment drawn by defendant stated that the loan would be made provided plaintiffs waived their right to have a redemption clause inserted in the mortgage; the property securing the loan would be held in trust; and plaintiffs executed an assignment of their beneficial interest in the land trust to defendant. A promissory note was signed in the amount of $350,000, and it was secured by a mortgage on the property executed at the direction of plaintiffs by the Bank of Waukegan. Plaintiffs later also signed a collateral assignment security agreement prepared by defendant as was required by the loan commitment.

Plaintiffs brought this action in the circuit court of Lake County seeking a declaratory judgment and injunctive relief. Plaintiffs alleged that they wished to assign their beneficial interest in the land trust to a third party and that defendant had informed plaintiffs that if such assignment was executed it would exercise its option to accelerate the balance due on the note and require immediate, full payment thereon. Plaintiffs sought a declaration that the proposed assignment was not within the scope of the clause in the mortgage, which provided:

"[A]t the option of the holders of the note * * * all unpaid indebtedness secured by this mortgage shall * * * become due and payable immediately upon conveyance by the Mortgagor of title, or execution by the Mortgagor of agreement to convey title, to all or any portion of the premises."

Plaintiffs further prayed that defendant be enjoined from declaring the balance due on the note immediately payable.

Defendant denied the material allegations of plaintiffs' complaint and interposed as an affirmative defense the pertinent provisions of the collateral assignment executed by plaintiffs, which provided:

"[The assignors] to secure their indebtedness * * * and in consideration of the extension of credit * * * assign to LENDER all of their right, title and beneficial interest in and to [the land trust created January 20, 1977] subject to the following terms and conditions:
    * * *

2. Unless otherwise indicated * * * the sole power of direction under the trust shall be held by the LENDER * * *.

3. Except as otherwise provided in this assignment, ASSIGNORS shall have retained their right to manage the trust property and the right to retain the rents from that property.
    * * *

5. The occurrence of any one of the following shall constitute an

event of default \* \* \* (e) the ASSIGNORS' failing to perform or observe any covenant, warranty or agreement herein \* \* \* (g) the LENDER feeling insecure for any reason whatsoever."
Defendant maintained the proposed assignment would violate this collateral agreement because it had been granted the sole power of direction over the trust and once plaintiffs executed this document they owned nothing which was capable of being assigned to a third party.

Following a hearing the trial court entered judgment declaring that the assignment as proposed by plaintiffs would not be a conveyance of title within the contemplation of the due-on-conveyance clause in the mortgage. Plaintiffs' request for injunctive relief was denied on grounds that plaintiffs had not, as yet, provided defendant with sufficient documentation of the financial status of the proposed assignee and defendant had a right to receive such information. The trial court found there was no reason to delay enforcement or appeal of its order, and defendant thereafter filed its timely notice of appeal. No cross-appeal has been brought from that portion of the court's order denying injunctive relief, and it will not be addressed further.[1]

We consider first defendant's contention that plaintiffs' proposed assignment of their beneficial interest in the land trust is precluded by the collateral agreement they executed. Defendant's argument is two-fold: (1) the collateral agreement signed by plaintiffs assigned the entire beneficial interest in the land trust to defendant as security for the loan and therefore plaintiffs now own nothing capable of assignment; and (2) defendant was given the sole power of direction over the trust.

An Illinois land trust is an arrangement under which, pursuant to statute (Ill. Rev. Stat. 1979, ch. 29, par. 8.31), legal and equitable title to real property is held by a trustee and the interest of the beneficiary is personal property. (*First National Bank v. Oldenburg* (1981), 101 Ill. App. 3d 283, 427 N.E.2d 1312.) The owner of the beneficial interest in a land trust is accorded four basic powers: (1) to possess, manage and physically control the real estate; (2) to receive all income generated by the property; (3) to direct the trustee in dealing with title to the real estate; and (4) to receive the proceeds of any sale of the property made pursuant to the power of direction. (*Dorman v. Central National Bank* (1981), 97 Ill. App. 3d 429, 432, 422 N.E.2d 1019, 1021-22; *In re Application of County Treasurer* (1973), 16 Ill. App. 3d 385, 390, 306 N.E.2d 743, 748.)

---

[1] The Illinois Savings and Loan League, as *amicus curiae*, urges the trial court's order be reversed because, by temporarily denying injunctive relief, it did not terminate the controversy between the parties. (See Ill. Rev. Stat. 1979, ch. 110, par. 57.1.) We do not believe the court's order is subject to such an attack as it did conclusively determine the rights of the parties on a definite part of their dispute. See *Amos v. Norwood Federal Savings & Loan Association* (1977), 47 Ill. App. 3d 643, 365 N.E.2d 57 (court could declare whether assignment of beneficial interest in land trust violated due-on-conveyance clause although transfer was merely proposed and no contract to purchase had yet been executed).

The owner of the beneficial interest also is empowered to transfer all or any number of the incidents of his beneficial ownership and may do so by a general assignment of the beneficial interest, excepting therefrom that which he seeks to retain. *Dorman v. Central National Bank* (1981), 97 Ill. App. 3d 429, 433, 422 N.E.2d 1019, 1022; *Rudolph v. Gersten* (1968), 100 Ill. App. 2d 253, 264, 241 N.E.2d 600, 605; see also *Schwinn v. Northern Trust Co.* (1966), 75 Ill. 2d 88, 220 N.E.2d 867, *appeal denied* (1967), 35 Ill. 2d 632.

The collateral agreement by which plaintiffs assigned their beneficial interest to defendant was prepared by it and specifically excepted from the assignment certain incidents of beneficial ownership which plaintiffs retained: the right to manage the property and to receive the income it would produce. Defendant's assent to the retention of these rights by plaintiffs is consistent with its apparent belief that the additional security for the loan it made to plaintiffs would be provided by the assignment to it of the power to direct conveyance of legal title to the property by the trustee and the further right to receive the proceeds of any such sale in satisfaction of plaintiffs' outstanding indebtedness to it. It is apparent that plaintiffs retained some incidents of the beneficial interest in the land trust which could be assigned to a third party.

Nor does the fact plaintiffs assigned the power of direction over the trustee aid defendant. The power of direction held by defendant is the right to order the trustee to convey or otherwise deal with legal title to the property, the land trust *res*, but the underlying land trust arrangement is not disturbed by a change in the ownership of the power of direction. Plaintiffs retained a portion of their beneficial interest when they assigned their power of direction to defendant, and defendant did not thereby acquire a right to control the proposed assignments of such interest by plaintiffs. See *In re Application of County Treasurer* (1973), 16 Ill. App. 3d 385, 306 N.E.2d 743; *Robinson v. Chicago National Bank* (1961), 32 Ill. App. 2d 55, 176 N.E.2d 659; Kenoe, Land Trusts §§2.18, 2.19, at 2-27, 2-28 (Ill. Inst. Cont. Leg. Educ. 1981).

We conclude the trial judge correctly determined that the collateral assignment security agreement did not bar a further assignment of the incidents of beneficial ownership specifically retained by plaintiffs in that document.

We now turn to defendant's principal contention that the trial court erred in determining that the due-on-conveyance clause of the mortgage would not apply to accelerate payment on assignment of the beneficial interest in the trust retained by plaintiffs.

The leading case considering due-on-conveyance clauses in Illinois is *Baker v. Loves Park Savings & Loan Association* (1975), 61 Ill. 2d 119, 121, 333 N.E.2d 1, 2, where the mortgage gave the mortgagee certain rights in the event of a "sale, assignment or transfer of any right, title or interest in

and to [the] property or any portion thereof" by the property-owner mortgagor. In *Baker* the mortgagor had entered into a contract for the sale of the subject property which would require him to convey legal title. The supreme court stated that while such clauses are restraints upon the free alienation of property they will be upheld as they are reasonable. The cases following *Baker* have further considered its holding in terms of various legal and equitable defenses to the enforcement of similar clauses. (See, *e.g.*, *Slevin Container Corp. v. Provident Federal Savings & Loan Association* (1981), 98 Ill. App. 3d 646, 424 N.E.2d 939; *First National Bank v. Brown* (1980), 90 Ill. App. 3d 215, 412 N.E.2d 1078; *2140 Lincoln Park West v. American National Bank & Trust Co.* (1980), 88 Ill. App. 3d 660, 410 N.E.2d 990.) However, the reviewing courts of this State have not heretofore considered the scope of a due-on-conveyance clause under the circumstances presented in this case.

Defendant argues the clause in this case allowing acceleration upon conveyance or agreement to convey title by plaintiffs includes any transaction which would give possession and control of the real estate to a third party. It contends plaintiffs' proposed assignment of the beneficial interest in the land trust retained by them has all the earmarks of a sale or conveyance in that the assignee would be entitled to possess, manage and collect income from the property. Plaintiffs contend the due-on-convey-ance clause would not apply to their proposed assignment, however, because only their personal property, the retained portion of the benefi-cial interest in the land trust, would be assigned, and the legal and equitable title to the real estate held by the Bank of Waukegan would not be conveyed. Plaintiffs argue the due-on-conveyance clause does not clearly favor defendant's interpretation and is at most ambiguous, requir-ing a construction against defendant.

As this court recently stated in *First National Bank v. Oldenburg* (1981), 101 Ill. App. 3d 283, 286-87, 427 N.E.2d 1312, 1315, by statute a land trust agreement "vests title, both legal and equitable, to the real property in the trustee while the interest of the beneficiary of the trust is personal property" and "the trustee is absolute owner of the real estate." (See *In re Estate of McGaughey* (1978), 60 Ill. App. 3d 150, 376 N.E.2d 259.) The due-on-conveyance clause in the present case provides that acceleration is allowed only upon conveyance or entry into an agreement to convey "*title*" to "all or a portion of the premises." A plain reading of this clause in light of the nature of the component interests of a land trust arrangement would seem to render it inapplicable to plaintiffs' proposed assignment of their remaining beneficial interest, as "title" to the real property will remain in the land trustee.

Defendant places its primary reliance on *Williams v. First Federal Savings & Loan Association* (4th Cir. 1981), 651 F.2d 910, *aff'g* (E.D. Va.

1980), 500 F. Supp. 307, the only case cited which has discussed the scope of a due-on-conveyance clause in the context of the assignment of a beneficial interest in a land trust. *Williams* involved consolidated cases and the respective clauses there provided for acceleration upon either "the property or an interest therein [being] sold or transferred"; "title to the property [being] transferred"; or if the property was "sold or conveyed." Each deed of trust also allowed the full debt to be called due in the event of a "sale or conveyance of the property." The court's opinion set forth the factual circumstances of only one of the plaintiffs. In that case, defendant agreed to lend funds to plaintiff's assignor to be secured by a deed of trust containing a due-on-conveyance clause. The assignor thereafter executed a typical real estate contract in which the subject of the sale was described as the beneficial interest in a land trust to be created by her. Two months later the assignor created a land trust by which she conveyed to herself, as trustee, title to the real property; the assignor was also the designated beneficiary of the land trust. Subsequently, she assigned the beneficial interest in the land trust to plaintiff, and the lending agency asserted the acceleration clause.

Plaintiff argued he had only been assigned personal property, the beneficial interest in a land trust, and therefore the real property which was still owned by his assignor, who retained legal and equitable title to it, had not been sold, conveyed or transferred within the scope of the due-on-conveyance clause. Plaintiffs maintained each of the due-on-sale clauses under review was ambiguous and should have been construed to avoid acceleration, in favor of the free alienation of property and against the lending institution which possessed special knowledge and expertise and prepared the deeds of trust in question. The *Williams* court found no ambiguity, however, and held that the individual documents executed by plaintiff's assignor, taken together as a comprehensive transaction, accomplished a sale, conveyance or transfer to plaintiff because he and not his assignor became entitled to occupy the real estate. The court noted that had the assignor merely conveyed legal title to plaintiff, instead of using the artificial, circuitous route of conveying the property to herself in trust and then assigning the beneficial interest to plaintiff, acceleration of the debt by the defendant clearly would have been allowed.

We think *Williams* must be distinguished under the facts of the present case. That court relied upon the artificial nature of the transactions between Williams and his assignor which demonstrated an intent to avoid acceleration of the debt by such maneuvers. In the present case, defendant cannot be heard to complain on similar grounds as the real estate was in a land trust well before the execution of the mortgage. In fact, defendant had expressly conditioned its loan commitment upon the property being held in trust. We do not consider that plaintiffs' effort to

assign the retained beneficial interest they have owned since before the execution of the mortgage, and the method by which they proposed to do so, constitutes an artificial transaction designed merely to circumvent the due-on-conveyance clause.

Although defendant argues a fair construction of the term "conveyance" includes any creation, alienation or assignment of an estate or interest in real property, citing Black's Law Dictionary 301 (5th ed. 1979), it fails to account for the narrower meaning which must follow from reading the entire clause which speaks of a "conveyance *of title.*" This concept of "title" in a land trust context limits the scope of the clause defendant seeks to enforce and serves to further distinguish *Williams.* One of the clauses in *Williams* allowed acceleration if "title" to the property was transferred, but the deed of trust also provided in a second, less limited clause for an option in the lending institution to call the full debt due in the event of a sale or conveyance. The *Williams* court held the creation of a land trust and assignment of the beneficial interest therein, taken together, constituted a sale or conveyance; it did not address whether the transactions combined to transfer "title."

In *People v. Chicago Title & Trust Co.* (1979), 75 Ill. 2d 479, 389 N.E.2d 540, the court considered a property tax imposed upon the "owner" of property and held the land trust beneficiary rather than the trustee is owner for tax purposes because it derives the benefits from the real estate. However, the court drew a distinction between ownership for tax purposes and title, and the due-on-conveyance clause in the present case is specifically directed to conveyances of title rather than to those who derive benefits from the property. *Mutual Federal Savings & Loan Association v. Wisconsin Wire Works* (1973), 58 Wis. 2d 99, 205 N.W.2d 762, cited by defendant, must also be distinguished. There the court noted that a contract purchaser of property acquired equitable title by the contract of sale and legal title remained in the seller until delivery of a deed. It concluded that by executing the sales contract the seller vested a type of "title" in a third party and it was therefore within the scope of a due-on-conveyance clause which provided for acceleration in such circumstances. In the present case, however, no legal or equitable title to real estate would be conveyed by the assignment by plaintiffs of their remaining beneficial interest in the trust. See *In re Estate of Alpert* (1981), 102 Ill. App. 3d 600, 430 N.E.2d 181; *In re Estate of McGaughey* (1978), 60 Ill. App. 3d 150, 376 N.E.2d 259.

At most, defendant has shown that the due-on-conveyance clause in question is ambiguous. The word "title" is susceptible to different meanings as is the phrase a "portion" of the property which defendant suggests must include a beneficial interest in a land trust. Defendant has

not persuaded us that the clause it seeks to enforce clearly must be read as it contends.

■■ It is well established that written instruments will be construed reasonably to avoid absurd results and to give effect to the intention of the parties (*e.g., Tatar v. Maxon Construction Co.* (1973), 54 Ill. 2d 64, 294 N.E.2d 272), and courts will consider documents in their entirety and must not reject words as mere surplusage (*e.g., Johnson v. Continental Illinois National Bank & Trust Co.* (1967), 88 Ill. App. 2d 124, 232 N.E.2d 59). However, legal documents which are ambiguous are strictly construed against the party who prepared them. (*Massie v. Belford* (1873), 68 Ill. 290, 292; *Crest Builders, Inc. v. Willow Falls Improvement Association* (1979), 74 Ill. App. 3d 420, 423, 393 N.E.2d 107, 110.) It is assumed the author wanted the words it chose to be used (*Ricke v. Ricke* (1980), 83 Ill. App. 3d 1115, 1118, 405 N.E.2d 351, 354-55), and it cannot complain when a construction favorable to the opposing party is adopted (*Walker v. Kimball* (1859), 22 Ill. 537, 539). These principles are especially applicable where the preparer of the document has a certain expertise in an area from the years it has engaged in drafting similar instruments. (*Weiland Tool & Manufacturing Co. v. Whitney* (1969), 44 Ill. 2d 105, 116, 251 N.E.2d 242, 248.) The reviewing courts of this State and other jurisdictions have usually construed due-on-conveyance clauses, as restraints upon the alienation of property, strictly against the lending institution which prepared them. *2140 Lincoln Park West v. American National Bank & Trust Co.* (1980), 88 Ill. App. 3d 660, 664, 410 N.E.2d 990, 993; *Rayford v. Louisiana Savings Association* (La. App. 1980), 380 So.2d 1232, 1238, *cert. denied* (La. 1980), 384 So.2d 793; *Fidelity Land Development Corp. v. Rieder & Sons Building & Development Co.* (1977), 151 N.J. Super. 502, 514, 377 A.2d 691, 697; *Silver v. Rochester Savings Bank* (1980), 73 App. Div. 2d 81, 86, 424 N.Y.S.2d 945, 948.

■■ A due-on-conveyance clause in a mortgage is a restraint upon the alienation of property. (*Baker v. Loves Park Savings & Loan Association* (1975), 61 Ill. 2d 119, 124, 333 N.E.2d 1, 4.) As the supreme court stated in *Illinois Christian Missionary Society v. American Christian Missionary Society* (1917), 277 Ill. 193, 197-98, 115 N.E. 118, 120:

> "Restrictions as to the power of alienation are not favored, and the policy of this State has always been to construe such restrictions with the utmost strictness, to the end that the restraint shall not be extended beyond the expressed stipulation, and all doubts, as a general rule, must be resolved in favor of a free use of property and against restrictions."

Restraints upon the alienation of property are construed narrowly even if they are otherwise reasonable (see *Cities Service Oil Co. v. Taylor* (1932),

242 Ky. 157, 45 S.W.2d 1039; *Moody v. Moody National Bank* (Tex. Civ. App. 1975), 522 S.W.2d 710; *Seattle First National Bank v. Crosby* (1953), 42 Wash. 2d 234, 1254 P.2d 732; see also 61 Am. Jur. 2d *Perpetuities* §103 (1981)), as due-on-conveyance clauses are in Illinois (*Baker v. Loves Park Savings & Loan Association* (1975), 61 Ill. 2d 119, 125, 333 N.E.2d 1, 4).

In those jurisdictions in which due-on-conveyance clauses have been construed as to their inclusiveness, the general rule which has evolved was set forth in *Chopan v. Klinkman* (Fla. App. 1976), 330 So.2d 154, 156:

> " '* * * [A] contract to accelerate the maturity of a debt gives a remedy that is harsh in its nature, and provision therefor, in order to be effective, should be clear and unequivocal; and, if there is a reasonable doubt as to the meaning of the terms employed, preference should be given to that construction which will * * * prevent acceleration of maturity.' " (Quoting 10 C.J.S. *Bills & Notes* §251 (1938).)

(See also *Tucker v. Lassen Savings & Loan Association* (1974), 12 Cal. 3d 629, 526 P.2d 1169, 116 Cal. Rptr. 633; *Lipkowitz & Plaut v. Affrunti* (Sup. Ct. 1978), 95 Misc. 2d 849, 407 N.Y.S.2d 1010; *In re Estate of Robbins* (P. Ct. 1964), 28 Ohio Op. 2d 399, 200 N.E.2d 735; *Crumley v. Ramsey* (Tex. Civ. App. 1936), 93 S.W.2d 191; Annot., 69 A.L.R.3d 713 (1976).) A leading author of an authoritative treatise on land trusts has applied this general rule to the assignment of a beneficial interest in a land trust and remarked:

> "Where the mortgage or trust deed has been executed by a land trustee, a conveyance of the title out of the trust will, in most instances, activate the clause, and permit the mortgagee to insist upon payment. An assignment of the beneficial interest under the land trust, however, may not have that effect, unless the clause is specific and extends to all interests in the property. * * *
>
> * * * These clauses do not have universally consistent language. A prohibition against 'sale and conveyance' would probably not apply to an assignment of the beneficial interest; but a clause which restricts sale or any alienation of the 'property or any part thereof, *or any interest therein*, would very likely include an assignment transaction and cause the mortgage to be callable at the election of the mortgagee." (Kenoe, Land Trusts §6.38, at 6-66, 6-67 (Ill. Inst. Cont. Leg. Educ. 1981).)

See also Flaherty, *Illinois Land Trusts and the Due-on-Sale Clause*, 65 Ill. B. J. 376, 378 (1977) (clause not enforceable in event of assignment of beneficial interest in land trust because what is transferred is personal property, not real estate or any interest therein).

To adopt defendant's construction would be to interpret the ambiguous concept of "title" in a manner contrary to the well-established rule

which rejects restraints on the free alienation of property except where clearly provided for. We must therefore give preference to a reading of the clause which prevents acceleration by construing it against defendant, which not only prepared the mortgage document with its narrow due-on-conveyance clause, but which also knew that plaintiffs would at defendant's direction hold the property securing the loan in a trust. Defendant's further argument that an assignment of plaintiffs' beneficial interest in the land trust was within the scope of the due-on-conveyance clause because it was a "portion of the premises" is equally without merit. While the acceleration clause would be triggered by an agreement to convey title to a portion of the premises, this modifying language seems to have contemplated a conveyance of "title" to less than all of the property involved rather than an assignment of the beneficial interest in a land trust in which the property was held.

We conclude plaintiffs' proposed assignment of so much of their beneficial interest as they retained in the collateral assignment security agreement would not give rise to an option of acceleration in the defendant lending institution under its due-on-conveyance clause.

For the foregoing reasons, the judgment of the circuit court of Lake County will be affirmed.

Affirmed.

HOPF and LINDBERG, JJ., concur.