KAMAL W. ABDUL-KARIM *et al.*, Plaintiffs-Appellants, *v.* FIRST FEDERAL SAVINGS AND LOAN ASSOCIATION OF CHAMPAIGN, Defendant-Appellee.

Fourth District   No. 4—82—0809

Opinion filed July 6, 1983.

James A. Martinkus, of Erwin, Martinkus, Cole & Ansel, Ltd., of Cham-

paign, for appellants.

Gary R. Lietz, of Franklin, Flynn & Palmer, of Champaign, for appellee.

JUSTICE MILLS delivered the opinion of the court:
A "due-on-sale" clause in the *mortgage*.
But not in the *note*.
A covenant without a remedy?
No!
The mortgagor is bound by his promise.
We affirm.

The parties signed a *mortgage* instrument and a promissory *note* in 1978. The mortgage instrument provided that plaintiffs, Kamal and Leila Abdul-Karim, mortgaged to defendant, First Federal Savings and Loan Association of Champaign (First Federal), property in the city of Champaign to secure the payment of a promissory note executed by plaintiffs payable to First Federal. The mortgage instrument contained, *inter alia*, a due-on-sale clause which provided:

> "If *** in case of the sale of said real estate without the written consent of the Mortgagee, *** then all said mortgage indebtedness shall be at the option of the Mortgagee become due and payable, and this mortgage may be foreclosed ***."

The promissory note contained plaintiffs' promise to pay First Federal $400,000 in monthly installments plus interest. The only default provision in the note related to untimely payments of the principal and interest. The note contained no due-on-sale clause, nor was there a clause in the note incorporating the provisions of the mortgage.

Plaintiffs attempted to sell the property in 1981. When First Federal learned of the pending sale it notified plaintiffs that it would either enforce the due-on-sale provision of the mortgage instrument or significantly increase the interest rate to be paid on the loan. Plaintiffs responded by filing a complaint in the circuit court of Champaign County seeking (1) a declaration of rights under the mortgage instrument and note, (2) an injunction to prevent First Federal from either enforcing the due-on-sale clause or increasing the interest charged on the loan, and (3) money damages resulting from plaintiffs' inability to sell their home. The trial court entered summary judgment in favor of First Federal and plaintiffs appealed.

I

Plaintiffs, citing *2140 Lincoln Park West v. American National Bank & Trust Co.* (1980), 88 Ill. App. 3d 660, 410 N.E.2d 990, argue

that the absence of a due-on-sale clause in the note renders the due-on-sale clause in the mortgage instrument unenforceable. In *2140 Lincoln Park West*, the plaintiff bank attempted to enforce a due-on-sale clause in a trust deed by foreclosing on the deed after the defendant transferred property subject to the deed. The appellate court, relying on *Conerty v. Richtsteig* (1942), 379 Ill. 360, 41 N.E.2d 476, and *Oswianza v. Wengler & Mandell, Inc.* (1934), 358 Ill. 302, 193 N.E. 123, stated:

> "We believe the reasoning in *Conerty* and *Oswianza* to be sound and therefore adopt it. Applying the rationale in those cases to the facts presented here, we find the trust deed and the note are wholly independent documents, and unless there is sufficient language in the note that would incorporate a provision in the trust deed, that provision is entirely ineffective as to the note. It follows, therefore, that [the due-on-sale clause] of the trust deed is ineffective in triggering acceleration of the note as there is no language in the note that would so provide. Consequently, there can be no foreclosure of the trust deed since acceleration of the note necessarily precedes foreclosure. As a result, [the foreclosure provision] of the trust deed never becomes operative." (88 Ill. App. 3d 660, 664, 410 N.E.2d 990, 993.)

While the court noted that its "harsh outcome" resulted in a covenant without a remedy, it pointed out that "the drafters of the provision could have used more appropriate language in its drafting so as to insure an adequate remedy in the event of a breach." 88 Ill. App. 3d 660, 664, 410 N.E.2d 990, 993.

We also believe the reasoning of *Oswianza* and *Conerty* to be sound; however, the rationale of those cases does not require the result reached in *2140 Lincoln Park West*.

In *Oswianza*, the plaintiff brought suit to recover the principal and interest due on bonds which were issued by the defendant and secured by a trust deed. The defendant argued that the suit was barred because the trust deed contained a "no action" clause which vested every right of action on the debt in the trustee and specifically extinguished the right of a bond holder to sue on a bond secured by the trust deed. The supreme court took note of the universal rule of contract construction that instruments made at the same time and as part of the same transaction should be construed as constituting a single instrument. However, the court stated that there was a well recognized exception in cases of mortgages and notes. It was held in *Oswianza* that in order to make a provision in the mortgage part of the

bond, the bond must specifically refer to the particular clause in the mortgage and adopt it by reference. But see *Provident Federal Savings & Loan Association v. Realty Centre, Ltd.* (1983), 97 Ill. 2d 187, where the court did not require an incorporation clause in the mortgage instrument to *specifically* refer to a due-on-sale clause in the note.

In *Conerty*, the defendant executed a promissory note which was secured by a mortgage. The mortgage instrument provided that payments on the note would be made according to the note or according to any agreement extending the time of the payments. The defendants conveyed the mortgaged property, and the grantee assumed the mortgage. Subsequently, the grantee and the note holder entered into several agreements to extend the time of payment on the note. When the grantee defaulted on the payments, the note holder foreclosed and obtained a deficiency judgment against the defendants based on their liability on the note. The defendants argued that the suit against them was barred by the statute of limitations because the due date on the note was July 1, 1925, and the suit was not brought until 1936. The supreme court held that any provision in the mortgage relating to the time of payment could not change or add to the provisions of the note and, therefore, the suit against the defendants was barred.

■ The clear holdings of *Oswianza* and *Conerty* are that a person's rights and liabilities on a note are unaffected by provisions in a mortgage instrument which are not incorporated in the note.

The court in *2140 Lincoln Park West* reasoned that an acceleration of payments on the note was a prerequisite to foreclosure and, since the defendants' liability on the note was unaffected by the due-on-sale clause in the mortgage, there could be no acceleration, and hence, no foreclosure. This reasoning fails to recognize that acceleration of the mortgage indebtedness may be effective for the purpose of foreclosure even though it would be ineffective for the purpose of maintaining a suit for money damages on the note. Yet, this is precisely the rationale of the out-of-State cases relied on by the supreme court in *Conerty* in reaching its conclusion that provisions in a mortgage instrument relating to time of payment have no effect on the debtor's liability under the note.

For example, in *White v. Miller* (1893), 52 Minn. 367, 54 N.W. 736, a bond holder brought suit on a bond after the defendants defaulted on a payment on one of several bonds. The Supreme Court of Minnesota held that the bond holder could not sue on the bonds before the maturity date appearing on the face of the bonds even though a provision in the mortgage instrument contained an accelera-

tion clause with respect to the indebtedness on all bonds upon a default in payment on any bond. The court noted that the bond holder's remedy was to foreclose on the mortgage since the acceleration clause was effective for the purpose of foreclosure. Quoting from *McClelland v. Bishop* (1884), 42 Ohio St. 113, the court stated:

> " 'The stipulation in the mortgage should be construed as providing a remedy in the mortgage, and that, *so far as foreclosure proceedings are concerned, the notes for that purpose are due, but for general purposes the obligations on the notes are to be determined by their own expressed terms.* In this way, both contracts can stand, and be fully enforced according to the manifest intention of the parties.' " (Emphasis ours.) 52 Minn. 367, 375, 54 N.W. 736, 738. See also *Baird v. Meyer* (1927), 55 N.D. 930, 215 N.W. 542.

The court in *Conerty* was well aware of the rationale of the foregoing cases, for it stated:

> "It has been held by the courts of several States that a provision in a mortgage for an acceleration of maturity extends only to the right to foreclose the mortgage and subject the property pledged to the payment or reduction of the debt, and that the mortgage and note are separate contracts. ***.
>
> These cases hold that the acceleration of the time of payment when authorized in the mortgage does not accelerate the maturity date of the debt as provided in the note, or in any way affect the liability of the maker of the note, which constitutes the contract on which his personal liability is based." 379 Ill. 360, 366-67, 41 N.E.2d 476, 479.

In the present case, plaintiffs' personal liability on the note was unaffected by the due-on-sale clause in the mortgage instrument. However, First Federal, as mortgagee (as opposed to note holder), would have a right to foreclose the mortgage even though it would not have a right to obtain a money judgment against plaintiffs in a suit on the note.

■ We hold that when a due-on-sale clause appears only in a mortgage instrument and is not incorporated in the underlying note, the mortgagee—upon the mortgagor's default of the due-on-sale clause and pursuant to the clause—may maintain an action to foreclose the mortgage.

## II

In *Fidelity Federal Savings & Loan Association v. de la Cuesta* (1982), 458 U.S. 141, 73 L. Ed. 2d 664, 102 S. Ct. 3014, the Su-

preme Court held that the Home Owners' Loan Act of 1933 (12 U.S.C., sec. 1461 *et seq.* (1976), empowered the Federal Home Loan Bank Board to issue regulations authorizing due-on-sale clauses in the loan contract of Federal savings and loan associations and that the Board's regulations preempted conflicting State limitations on the due-on-sale practices of Federal savings and loan associations. Plaintiffs argue that a decision by this court to uphold the enforceability of the due-on-sale clause in their mortgage would conflict with Federal regulations which, according to plaintiffs, require a due-on-sale clause to appear in the promissory note in order to be valid. Plaintiffs cite 12 C.F.R. sec. 545.8—3(f), at 195 (1982), which provides:

> "*Due-on-sale clauses.* An association continues to have the power to include, as a matter of contract between it and the borrower, a provision in its *loan instrument* whereby the association may, at its option, declare immediately due and payable sums secured by the association's security instrument if all or any part of the real property securing the loan is sold or transferred by the borrower without the association's prior written consent." (Emphasis added.)

Plaintiffs contend that "loan instrument" means only the promissory note and not the mortgage instrument. Therefore, according to plaintiffs, the due-on-sale clause in their mortgage instrument was invalid.

*First*, there is little to support plaintiffs' contention that the drafters of the Federal regulations intended "loan instrument" to mean only the promissory note. The regulations provide no definition of the phrase "loan instrument" and such phrases as "loan instrument," "loan contracts," and "mortgage loan contracts" appear to be used haphazardly throughout the regulations. See 12 C.F.R. secs. 545.8—3(f), 556.9(f)(2) (1982).

■ *Second*, plaintiffs' contention is emasculated by the fact that in *Fidelity Federal* the due-on-sale clauses appeared in the trust deed and there was no reference to a due-on-sale clause in the promissory notes. The opinion in *Fidelity Federal* stated, "Each *deed of trust* contained a due-on-sale clause." (Emphasis added.) (458 U.S. 141, 148, 73 L. Ed. 2d 664, 672, 102 S. Ct. 3014, 3019.) In a footnote it was stated, "*** appellees are deprived of no vested rights if Fidelity is permitted to enforce the due-on-sale clauses in the two pre-1976 *deeds*." (Emphasis added.) (458 U.S. 141, 171 n.24, 73 L. Ed. 2d 664, 686 n.24, 102 S. Ct. 3014, 3031 n.24.) The Supreme Court clearly considered a mortgage instrument to be a "loan instrument" within the meaning of 12 C.F.R. sec. 545.8—3(f) (1982).

We find that our decision in the present case does not conflict

with Federal regulations governing the due-on-sale practices of Federal savings and loan associations.

### III

First Federal filed a motion in this court for attorney fees incurred in defending this appeal. It relies on the mortgage instrument which provided in part:

> "If the Mortgagee *** be a party to any suit, *** relating to the premises *** all costs of such proceedings, and any review thereof, including all reasonable attorney's and solicitor's fees so incurred by the Mortgagee *** shall become a part of the Mortgage indebtedness *** and may be included in any judgment or decree rendered."

■ The record discloses that First Federal filed a motion with the trial court—also based on the foregoing provision—for attorney fees incurred during proceedings below. This motion was denied and First Federal did not challenge this ruling by cross-appeal. The trial court found that First Federal was not entitled to attorney fees under the provision in the mortgage instrument. As a result of First Federal's failure to cross-appeal from the court's ruling, the ruling has become the law of the case and we refrain from passing on the issue raised in First Federal's motion in this court. (See 5 C.J.S. *Appeal and Error* sec. 1464(1), at 666 (1958).) First Federal's motion for attorney fees is stricken.

The judgment of the trial court is affirmed.

Affirmed.

WEBBER, P.J., and GREEN, J., concur.