Jeffrey W. WILLIAMS et al., Plaintiffs,

v.

FIRST FEDERAL SAVINGS AND LOAN ASSOCIATION OF ARLINGTON et al., Defendants.

Civ. A. No. 80–308–A.

United States District Court, E. D. Virginia, Alexandria Division.

June 18, 1980.

Paul D. Scanlon, Fairfax, Va., for plaintiffs.

E. Waller Dudley, Alexandria, Va., for First Federal Sav. and Loan.

Jesse B. Wilson, III, Fairfax, Va., for ARL–FFX Sav. & Loan Assoc.

Katherine D. Morrison, Arlington, Va., for Federal Home Loan Mort.

MEMORANDUM OPINION AND ORDER

OREN R. LEWIS, Senior District Judge.

This suit was brought by the owners of the respective beneficial interests in three separate land trusts and the trustee of one of the said trusts against the Federal Home Loan Mortgage Corporation ("the FHLMC") and the three savings and loan associations that made the secured purchase money loans on the properties, for declaratory and injunctive relief.

Although captioned a class action, this suit has not been so certified.

The plaintiffs seek a declaratory judgment that the creation of the land trusts and the subsequent transfer of the beneficial interests therein does not trigger the "due on sale" clauses contained in the deeds of trust securing the loans made by the defendant savings and loan associations—and a temporary and permanent injunction to prevent the defendant savings and loan associations from taking any further acts to enforce their rights under the said "due on sale" clauses.

The defendant savings and loan associations answered and filed similar suits in the Circuit Court of Fairfax County, Virginia seeking the same declaratory relief and have asked this Court to abstain pending the decisions of the state court.

The plaintiffs' motion for a temporary and permanent injunction was consolidated with the expedited hearing on the merits.

The evidence—all documentary—was undisputed.

Jurisdiction is claimed under the Federal Home Loan Mortgage Corporation Act (12 U.S.C. § 1452(e)(2)), the Home Owners' Loan Act of 1933 (12 U.S.C. §§ 1461, *et seq.*), and under the general federal question statute (28 U.S.C. § 1331).

■ From the record thus made, the Court is satisfied that the use and effect of the "due on sale" clauses in issue in this case is governed by federal law and the regulations promulgated by the Federal Home Loan Bank Board (12 C.F.R. §§ 545.-6–11(f), and (g)). *See Bailey v. First Federal Savings and Loan Association of Ottawa*, 467 F.Supp. 1139 (C.D.Ill.1979), and *Glendale Federal Savings and Loan Association v. Fox*, 459 F.Supp. 903 (C.D.Cal.1978).

The Arlington–Fairfax Savings and Loan Association, an institution chartered by the Commonwealth of Virginia, is also subject to the jurisdiction of this Court by virtue of its membership in the Federal Home Loan Bank, the insurance of its accounts by the Federal Savings and Loan Insurance Corporation, and its eligibility to sell residential mortgages to the FHLMC.

Since this Court need not interpret, or pass on, the validity of § 55–17.1 *Code of Va.* in determining whether the plaintiffs are entitled to the injunctive relief here sought, abstention will not be invoked.

The plaintiffs wanted to buy and the owner–borrowers wanted to sell the real estate here in question, subject to the existing purchase money loans, without triggering the "due on sale" clauses contained in the deeds of trust securing the said loans.

The pertinent portions of the "due on sale" clause in the deed of trust securing the Herndon Federal loan reads:

If the aforesaid described property is sold or conveyed prior to the maturity date of the note . . . , the said note shall be immediately due and payable in full, at the option of the holder thereof.

The "due on sale" clause in the deed of trust securing the First Federal loan reads:

If all or any part of the Property or an interest therein is sold or transferred by Borrower without Lender's prior written consent, excluding . . . , Lender may, at Lender's option, declare all the sums secured by this Deed of Trust to be immediately due and payable.

The "due on sale" clause in the deed of trust securing the Arlington–Fairfax loan reads:

IN THE EVENT TITLE to the property above described is transferred, the unpaid balance of the indebtedness hereby secured shall immediately become due and payable at the option of the party of the third part.

In order to avoid a triggering of the aforesaid "due on sale" clauses—the plaintiffs here do not question their validity—the plaintiffs and the owner–borrowers agreed that the owner–borrowers would convey their interest in the said real estate to the plaintiffs through Virginia statutory land trusts created by the owner–borrowers—this was done.

In so doing, the record discloses that each owner–borrower executed an unrecorded land trust agreement and then, in a recorded deed, conveyed the property to himself

**309**

as trustee with General Warranty and English Covenants of Title, subject to the existing deeds of trust securing the loans made by the named savings and loan associations.

These conveyances expressly stated that the respective trustees were to hold the property in fee simple.

The owner–borrowers then each assigned all of their rights and beneficial interest in their respective trusts to their respective purchasers.

They used the standard residential real estate forms to consummate the transactions–and advised the savings and loan associations that the plaintiff purchasers would be making the payments on their loans in the future.

The savings and loan associations responded by threatening to accelerate the payments on their respective notes.

This suit followed.

The Court need not here determine the validity of the land trusts in question or determine whether the interests of the beneficiaries is personal property or an interest in realty because all of the "due on sale" clauses here in question–although slightly differing in language–clearly provide that any conveyance or transfer of title gives the lender the right to accelerate the payments due under their secured loans.

The transfer of the real estate, subject to the existing recorded deeds of trust– whatever it be labeled–from the owner– borrowers to themselves as trustees plainly constitutes a breach of the said "due on sale" clauses, and

The Court So Finds.

Concededly, the plaintiffs have attempted to use the Virginia land trust statute to circumvent the contract right otherwise given by them to their creditors, the three defendant savings and loan associations.

Paragraph 3 of § 55–17.1 reads as follows:

Nothing in this section shall be construed (1) to affect any right which a creditor may otherwise have against a trustee or beneficiary, . . . .

Therefore, the owner–borrowers should not be permitted to use a Virginia statutory land trust as a device to defeat the rights of the defendant savings and loan associations from accelerating the payment of their secured notes as provided for by these concededly valid "due on sale" clauses, and

It Is So Ordered.

Therefore, this suit should be dismissed at the costs of the plaintiffs, without prejudice to the rights of any of the parties to pursue their respective claims for declaratory judgment in the pending state court proceedings, if they be so advised.

The Clerk will send a copy of this Memorandum Opinion and Order to all counsel of record.