DAMEN SAVINGS AND LOAN ASSOCIATION, Plaintiff-Appellant, *v.* HERITAGE STANDARD BANK AND TRUST COMPANY, Trustee, *et al.*, Defendants-Appellees.

Second District    No. 81-378

Opinion filed January 19, 1982.

John K. Wheeler, of Wheeler and Wheeler, of Woodridge, for appellant.

John V. DeStefano, of John H. Barcelona, Ltd., of Oak Lawn, for appellees.

PRESIDING JUSTICE SEIDENFELD delivered the opinion of the court:

Whether a "due-on-transfer" clause in a mortgage becomes operative upon transfer of record title to the trustee under a standard Illinois Land Trust is the question before us. The trial court dismissed the complaint of Damen Savings and Loan Association (mortgagee) for foreclosure, concluding that the conveyance to Heritage Standard Bank and Trust Company, as trustee, was not a sale or a transfer within the contemplation of the mortgage clause. The mortgagee appeals.

The trial court held as a matter of law that the transfer was not a conveyance or sale contemplated by the parties because the signers of the mortgage, as beneficiaries of the land trust, remained in possession, albeit their interest became personal property; thus, the transfer did not endanger the mortgagee's security interest in the mortgaged property. We cannot agree.

Both parties have cited the decision of the Illinois Supreme Court in *Baker v. Loves Park Savings & Loan Association* (1975), 61 Ill. 2d 119, in support of their respective positions. In *Baker*, the court upheld a "due-on-sale" clause, which called for a 1% increase in interest upon a "sale, assignment or transfer of any right, title or interest in the property or any portion thereof," as a reasonable restraint on alienation. The court held that the reasonableness of the restraint on alienation must be judged by the "underlying purpose of the restraint" (61 Ill. 2d 119, 124), and that the restraint was valid in the case before them as reasonably related to a legitimate lender's purpose, which included not only reliance on the property mortgaged as security for the obligation but also protection against transfer of the property to a person whose personal and financial qualities were unknown to and never considered by the lender in making the loan. (61 Ill. 2d 119, 125.) The court rejected the view that the reasonableness of the restraint should be judged by the circumstances of each particular case, stating that "the valid and accepted purpose sought to be achieved by the restraint * * *, the protection of the lender's

security interest, must determine the validity of the restraint and not the circumstances of each particular case." (61 Ill. 2d 119, 126.) The court noted:

"Since stability of real estate titles is of paramount importance it is necessary that the court follow a policy in construing restraints on alienation which will produce a reasonable degree of certainty. An attorney, in construing a restraint in a chain of title, should be able to reasonably predict the effect of the restraint and whether it will or will not be enforced. (57 Mich. L. Rev. 1173, 1186-87; Manning, *The Development of Restraints on Alienation Since Gray*, 48 Harv. L. Rev. 373, 405 (1935).) We feel that in cases involving consent to sell restraints, judging the reasonableness of the same under the circumstances in each case would not promote the desired stability of titles and would in fact make it extremely difficult to predict whether a restraint will or will not be upheld.

\* \* \*

Although the validity of the restraint is not to be determined under the circumstances of each case we consider that a court may relieve a borrower from unconscionable or inequitable conduct of the lender. (*Malouff v. Midland Federal Savings and Loan Association* (1973), 181 Colo. 294, 509 P.2d 1240; *Gunther v. White* (Tenn. 1973), 489 S.W.2d 529.) The charge of the additional 1 percent interest is not unreasonable and in this case does not constitute unconscionable or inequitable conduct on the part of the lender." 61 Ill. 2d 119, 126-27.

In the case before us the mortgage clause provided:

"It is further agreed and understood by and between the parties hereto that should the above described real estate, at any time hereafter, be sold or title thereto transferred by deed of conveyance or by operation of law, then the amount of principal balance then remaining due secured by this mortgage shall become immediately due and payable at any time hereafter at the option of the owner or holder of this mortgage."

■■ The plain language of the clause is that the remaining mortgage shall become payable should title to the property be "transferred by deed of conveyance"; this is plainly what occurred here. Upon transfer, full title to the property vested in the trustee, and the mortgagors under settled Illinois law were left with only personal property, the beneficial interest in the land trust. *E.g., Chicago Federal Savings & Loan Association v. Cacciatore* (1961), 33 Ill. App. 2d 131, 139.

■■ We are also unable to agree with the reasoning that the lender's interests in the security and in the identity of its borrowers were not endangered by the transfer. Although the transfer itself may not violate

these interests, it leaves the lender defenseless against future actions by the borrower that could do so. A transfer of the beneficial interest in a land trust is not a conveyance of an interest in real property, and thus would not violate the "due-on-transfer clause." (*Levine v. Pascal* (1968), 94 Ill. App. 2d 43, 50.) Thus, not only would the mortgagee be unable to stop the transfer of possession and control of the property to an unknown third party, but because the transfer of a beneficial interest in a land trust need not be recorded (and, in fact, the trustee may not notify the mortgagee of the transfer unless directed to by the beneficiary), the mortgagee will generally be unaware of any such transfer. (Flaherty, *Illinois Land Trusts and the Due-On-Sale Clause*, 65 Ill. B.J. 376 (1977).) Based upon the reasoning of the Illinois Supreme Court in *Baker*, we conclude that the due-on-transfer clause is applicable to a conveyance from the individual mortgagors to a trustee under an Illinois land trust as a restraint on alienation reasonably imposed to protect the security interests of the lender.

We also do not believe that *Baker* may be distinguished by the nature of the particular due-on-transfer clauses at issue. To do so would flatly ignore *Baker's* holding that the reasonableness of restraints on alienation must not be judged by the circumstances of each case. Thus, the appellate court has recently upheld enforcement of a clause calling for acceleration of all payments due upon transfer of the mortgaged property when its purpose was in "part, at least" to protect the lender's security interest. *Provident Federal Savings & Loan Association v. Realty Centre, Ltd.* (1981), 101 Ill. App. 3d 277.[1]

The particular issue involved in this case apparently has not been directly decided in Illinois. However, there is precedent under Federal law that a "due-on-sale" clause giving the lender the right to accelerate the payments due under its secured loan upon any conveyance or transfer of title would be "triggered" by the transfer of the real estate subject to the existing mortgage from the borrowers to themselves as trustees. (*Williams v. First Federal Savings & Loan Association* (E.D. Va. 1980), 500 F. Supp. 307, *aff'd* (4th Cir. 1981), 651 F.2d 910.) In *Williams*, the transfers were to Virginia land trusts, and from the record it appeared that borrowers then assigned all of their rights and beneficial interests to their respective purchasers. The court, however, found that it did not need to determine the validity of the land trusts or to determine whether the interests of the beneficiaries were personal property since any conveyance or transfer of

---

[1] *Provident* noted that it was required to follow the approach of *Baker* by judging the reasonableness of a restraint by the purpose sought to be obtained rather than by a case-by-case application. (101 Ill. App. 3d 277, 279.) The court, however, refused to extend the purpose-oriented approach solely to protect the lender during a period of rising interest rates unless the clause expressly stated that it was for that purpose.

title including conveyance to the borrowers as trustees constituted a breach of the due-on-sale clause. 500 F. Supp. 307, 309.

*Fidelity Land Development Corp. v. Rieder & Sons Building & Development Co.* (1977), 151 N.J. Super. 502, 377 A.2d 691, relied upon by the defendants, is distinguishable. There, the court, upholding a trial court decision made after a full evidentiary hearing, held that the transfer of title to undeveloped land from a corporation to the president and principal shareholder for a nominal consideration was not a transfer that the parties intended to trigger enforcement of a due-on-sale-clause. The court reasoned that there was no possible danger to the security, since the land was undeveloped and therefore could not depreciate for lack of care in maintenance; that the lender had no interest in the identity of the mortgagor because its recourse was limited to the land itself; that the conveyance was simply to the corporate borrower's *alter ego* and thus involved no chance of a subsequent change of possession or control; and that any danger to the security had been cured by the retransfer of the land to the corporation. We have before us in this case the order dismissing the complaint decided purely as a question of law. Here there is a great chance of a subsequent change of possession or control as to which the lender could have no control.

Were we to hold that a conveyance to a land trustee without more did not bring into play the due-on-transfer clause, we would effectively be overruling *Baker*. If a mortgagor were able to transfer title to property to a trustee without triggering a due-on-transfer clause, the mortgagor would be able to effect a sale of the property by first transferring title to a trustee, then transferring the beneficial interest in the land trust to the trustee, or any other third party, without the consent or even the knowledge of the mortgagor. *Baker* holds that a mortgagee may enforce a due-on-transfer clause upon the outright sale of the mortgaged properties; to prevent similar enforcement upon conveyance of land to a trustee under an Illinois land trust could give the mortgagor a free hand to do in two steps what the mortgagee has the right to prevent him from doing in one step. This could make the due-on-transfer clause valueless as a practical matter.

■■ The defendants also argue that the plaintiff should be barred from invoking the due-on-sale clause based on the equitable doctrine of laches. The argument is based on the reasoning that the transfer to the land trustee was made of record on March 21, 1979, and as a public record was available to the plaintiff. In *Baker*, the supreme court left undisturbed traditional equitable defenses to enforcement of the due-on-sale clause noting that "a court may relieve a borrower from unconscionable or inequitable conduct of the lender. * * * We also consider that other

traditional equitable defenses may be raised by a mortgagor." (61 Ill. 2d 119, 126-27.) The complaint for foreclosure was not filed until January 28, 1981, and on remand the court may determine when the plaintiff was on notice of the transfer and whether its conduct amounted to unreasonable delay to the prejudice of the defendants. See *First National Bank v. Brown* (1980), 90 Ill. App. 3d 215, 218-19.

■■ We therefore reverse the judgment and remand the cause with directions to vacate the order dismissing the complaint for foreclosure, to permit the plaintiff to further plead, and for further proceedings in accordance with this opinion.

Reversed and remanded with directions.

UNVERZAGT and VAN DEUSEN, JJ., concur.