NORTH COMMUNITY BANK, a/k/a North Community State Bank, Plaintiff-Appellant, *v.* NORTHWEST NATIONAL BANK OF CHICAGO, Trustee, *et al.*, Defendants-Appellees.

First District (3rd Division)   No. 83—1764

Opinion filed August 8, 1984.

Martin & Karcazes, Ltd., of Chicago (George D. Karcazes and Michael S. Holzman, of counsel), for appellant.

Ruben, Kaplan & Rosen, of Skokie (Bernard M. Kaplan, of counsel), for appellees.

JUSTICE WHITE delivered the opinion of the court:

Plaintiff, North Community Bank, an Illinois banking corporation, appeals from an order of the circuit court of Cook County granting the motion of defendants, Wilton and Helen Tidwell, to dismiss plaintiff's complaint to foreclose mortgage.

On October 20, 1978, defendants borrowed the sum of $116,000 from plaintiff in connection with the purchase of a condominium unit in Northbrook, Illinois. Defendants executed in favor of plaintiff an installment note in the amount borrowed and a trust deed to the condominium unit. The installment note and the trust deed each contained the following provision:

> "The undersigned will not transfer, assign or in any way hypothecate or attempt to transfer, assign or hypothecate his right, title or interest in the property securing this Note, without first obtaining the written consent of the holder. Upon any transfer, assignment or hypothecation of undersigned's right, title or interest to the property securing this Note, without the previous written consent of holder, the principal balance remaining at the time of such transfer, assignment or hypotheca-

tion shall immediately become due and payable. The acceptance of any payment after such transfer, assignment or hypothecation shall not be construed as a consent of the holder to such assignment, transfer or hypothecation nor shall it affect his right to proceed with such action as the holder shall deem necessary."

On October 25, 1979, defendants created a land trust at the Northwest National Bank of Chicago (Northwest), identified as Land Trust No. 5618, by executing a trust agreement which named defendants as the beneficiaries with rights of survivorship. Defendants conveyed legal title to the condominium unit to Northwest as trustee under Trust No. 5618. That same day, defendants borrowed the sum of $100,000 from Northwest in order to purchase a second condominium unit. Defendants executed in favor of Northwest an installment note, and, as collateral for the note, a document which provided:

"[The Tidwells assign to Northwest] all of the interest of the assignor [the Tidwells] under the Trust Agreement (Trust No. 5618) and in the property described in the Trust Agreement and to any and all proceeds of the property or any part thereof, including without limitation all proceeds from rentals, mortgages, sales, conveyances or other dispositions or realizations of any kind of or from said property or any part thereof, including the right to manage, direct and control the property and the acts and doings of the Trustee in respect to such property."

By letter dated June 5, 1982, plaintiff informed defendants that it had learned of the transfer of legal title to the Northbrook condominium unit to Northwest, and that such transfer was in violation of the due-on-sale provision of the installment note and the trust deed. Plaintiff further informed defendants that the principal balance of the note, $109,101.94, was due and payable. Defendants refused to pay the balance of the note, and on July 13, 1982, plaintiff commenced the present mortgage foreclosure action.

■ Plaintiff argues on appeal that due-on-sale provisions are enforceable in Illinois and operative upon transfer of real estate title into a land trust. In *Damen Savings & Loan Association v. Heritage Standard Bank & Trust Co.* (1982), 103 Ill. App. 3d 301, 431 N.E.2d 34, this court addressed the issue whether a due-on-sale clause is applicable to a conveyance from an individual mortgagor to a trustee under an Illinois land trust. The court first noted that under *Baker v. Loves Park Savings & Loan Association* (1975), 61 Ill. 2d 119, 333 N.E.2d 1, a mortgagee may enforce a due-on-sale clause upon the out-

right sale of the mortgaged properties. The court then held that a due-on-sale clause is also triggered by transfer of real estate title into a land trust. The court noted that a transfer of legal title into a trust leaves the lender defenseless against future actions by the borrower that could impair the lender's interest in the security. The court concluded that since a transfer of beneficial interest in a land trust is not a conveyance of an interest in real property, and thus would not violate the due-on-transfer clause, if a mortgagor were able to transfer title to property to a trustee without triggering a due-on-transfer clause, the mortgagor would be able to effect a sale of the property by first transferring title to a trustee, then transferring the beneficial interest in the land trust to the trustee, or any other third party without the consent or even knowledge of the mortgagee. The mortgagor would thus do in two steps what the mortgagee under *Baker* has the right to prevent him from doing in one step. We agree with the reasoning and conclusion of the court in *Damen*. Accordingly, we hold that the due-on-sale provision of the installment note and trust deed were operative and enforceable upon transfer of legal title to the Northbrook condominium unit to Northwest as trustee under Trust No. 5618.

Defendants in turn argue that enforcement of the due-on-sale provision is barred by the federally enacted Garn-St. Germain Depository Institutions Act of 1982 (12 U.S.C. sec. 1701j—3 (1982)). Defendants urge us to hold that Illinois is a window-period State as defined by the Act; that their financial arrangements with plaintiff involved a window-period loan; and that due-on-sale clauses are invalid when applied to window-period loans. The Garn-St. Germain Act preempts State restrictions on the enforcement of due-on-sale clauses. Subsection (b) of the Act provides in relevant part:

"(1) Notwithstanding any provision of the constitution or laws (including the judicial decisions) of any State to the contrary, a lender may, subject to subsection (c) of this section, enter into or enforce a contract containing a due-on-sale clause with respect to a real property loan."

Subsection (b), however, is expressly inapplicable to loans made or assumed during a window period which is defined as the period beginning on the date State law prohibited the exercise of due-on-sale clauses and ending on the date of enactment of the Garn-St. Germain Act, October 15, 1982. (12 U.S.C. sec. 1701j—3(c)(1) (1982).) Subsection (c) of the Act provides:

"(2)(B) A lender may not exercise its option pursuant to a due-on-sale clause in the case of a transfer of a real property

loan which is subject to this subsection where the transfer occurred prior to October 15, 1982." 12 U.S.C. sec. 1701j—3(c)(2)(B) (1982).

Defendants here argue that plaintiff could not exercise its option pursuant to the due-on-sale clause because subsection (c)(2)(B) flatly prohibits the enforcement of due-on-sale clauses where the transfer occurred prior to October 15, 1982. Subsection (c) applies only to window-period States. We must therefore decide whether Illinois is a window-period State, and if so, what statute or judicial decision triggered the beginning of the period. In *Baker v. Loves Park Savings & Loan Association* (1975), 61 Ill. 2d 119, 333 N.E.2d 1, our supreme court addressed the issue whether a due-on-sale clause is valid and enforceable. The clause in question required the written permission or consent of the mortgagee before any sale, assignment or transfer of any right, title or interest in and to the property. The court noted that the restraint sought to be enforced was one imposed primarily for the protection of the security interest of the vendor. (61 Ill. 2d 119, 124.) The court opined that the reasonableness of this form of protection of the vendor is sufficient to overcome the considerations otherwise favoring unrestricted freedom of alienation. (61 Ill. 2d 119, 125-26.) Most importantly, the court rejected a case-by-case test of the reasonableness of the due-on-sale clause, finding that the valid and accepted purpose sought to be achieved by the restraint must determine the validity of the restraint and not the circumstances of each particular case. 61 Ill. 2d 119, 126.

■ We reject defendants' contention that *Baker* constitutes a decision prohibiting the exercise of due-on-sale clauses. The court in *Baker* expressly permitted the enforcement of such clauses. Although the court gave as reason for enforcing due-on-sale clauses the protection of the security interest of the vendor, the court did not limit enforcement to instances where the lender's security interest in the property collateralizing the loan was in fact impaired. (See *Scappaticci v. Southwest Savings & Loan Association* (1983), 135 Ariz. 456, 662 P.2d 131.) Moreover, we are aware that under *Baker*, courts may relieve a borrower from unconscionable or inequitable conduct of the lender. (*Baker v. Loves Park Savings & Loan Association* (1975), 61 Ill. 2d 119, 127.) However, we do not believe that these restrictions can be construed as prohibiting the exercise of due-on-sale clauses. They are not sufficient to qualify Illinois as a window-period State under the Garn-St. Germain Act.

■ Alternatively, defendants contend that the transfer to Northwest falls within one of the exceptions in the Garn-St. Germain Act to

enforcement of due-on-sale clauses. We find it unnecessary to determine whether the transfer falls within the exceptions to the Act as we hold that the Act is inapplicable. The transfer at issue occurred in 1979. The Garn-St. Germain Act became effective October 15, 1982. It is well settled that a statute has only prospective effect unless Congress clearly manifests an intent for the statute to have retroactive effect. (*United States v. Security Industrial Bank* (1982), 459 U.S. 70, 79, 74 L. Ed. 2d 235, 243, 103 S. Ct. 407, 413.) Since the Act contains no such clear manifestation of intent, we conclude that the Act does not apply to those transfers which, as here, occurred before the effective date of the Act. *Home Savings Bank v. Baer Properties, Ltd.* (1983), 92 App. Div. 2d 98, 460 N.Y.S.2d 833.

For the aforementioned reasons we reverse the order of the trial court granting defendants' motion to dismiss plaintiff's complaint to foreclose mortgage. We remand the cause to the trial court to determine the validity of the equitable defenses raised by defendants. *Baker v. Loves Park Savings & Loan Association* (1975), 61 Ill. 2d 119, 127.

Reversed and remanded.

RIZZI, P.J., and McNAMARA, J., concur.