OAK TRUST AND SAVINGS BANK, Plaintiff-Appellant and Cross-Appellee, v. CHICAGO TITLE AND TRUST COMPANY, Trustee, *et al.*, Defendants (Timothy M. Crowley *et al.*, Defendants-Appellees and Cross-Appellants).

Third District   No. 3—84—0077

Opinion filed November 30, 1984.—Rehearing denied January 10, 1985.

David M. Lynch, of Lynch & Bloom, and James H. Wilton, both of Peoria, for appellant.

Dennis R. Triggs, of Clem & Triggs, and Dean B. Rhoads, of Sutkowski & Washkuhn Associates, both of Peoria, for appellees.

JUSTICE STOUDER delivered the opinion of the court:

This appeal arises from the dismissal of a complaint filed by Oak Trust and Savings Bank (Oak Trust) by the circuit court of Peoria County. In June 1978, Oak Trust issued a letter of commitment for $450,000 to Timothy and Judith Crowley and Charles and Doris Rock to finance a project to construct two office buldings in Peoria. Subsequently a land trust was formed, with Chicago Title and Trust Company (trustee) serving as the trustee. The land trust was known as No. 1073388. The Crowleys and Rocks were the sole beneficial owners. A trust deed was executed in favor of Oak Trust (grantee) securing the loan. An installment note was also executed by the trustee and guaranteed by the Crowleys and Rocks.

The trust deed contained the following provision:

"At the option of the holders of the note and without notice to First Party, its successors or assigns, all unpaid indebtedness secured by this Trust Deed shall, notwithstanding anything in

the note or in this trust deed to the contrary, become due and payable *** (c) immediately upon any sale, assignment, transfer or conveyance of the premises."

The installment note guaranteed by the Rocks and Crowleys had a rider attached which contained the following provision:

"It is agreed at the election of the holder or holders hereof and without notice, the principal sum remaining unpaid hereon, together with accrued interest thereon, shall become at once due and payable in the case the undersigned shall sell, assign, transfer or convey the real estate subject to said Trust Deed."

The rider was signed by the Crowleys and Rocks.

Subsequently the Crowleys and Rocks assigned all of their beneficial interest in the land trust to four other parties (also defendants). In January 1982 Oak Trust filed a complaint for foreclosure of the trust deed based upon the acceleration clause contained in the trust deed and the rider to the installment note. Defendants Crowley and Rock filed a motion to dismiss because Oak Trust failed to allege a default. The circuit court of Peoria County granted the dismissal, and this appeal follows.

The sole issue before this court is whether the trial court erred in finding as it did that the transfer of all of the beneficial interests in the trust No. 1073388 did not violate the terms of the trust deed or installment note. We do not agree that the dismissal was proper.

Neither party argues that the acceleration clauses contained in the trust deed and installment note are invalid *per se*. In *Baker v. Loves Park Savings & Loan Association* (1975), 61 Ill. 2d 119, 333 N.E.2d 1, the Illinois Supreme Court upheld a due-on-sale clause and recognized that acceleration clauses are valid restraints upon alienation and protect the security interest of the lenders. Instead, the defendants argue that the acceleration clause contained in the trust deed and the similar clause contained in the rider were not invoked because they pertained only to a change in the legal or equitable title to the real estate and not assignments of the beneficial interests. Therefore, defendants argue that the transfer of all of the beneficial interests did not violate the provision of the trust deed and installment note. Relying upon *Wachta v. First Federal Savings & Loan* (1981), 103 Ill. App. 3d 174, 430 N.E.2d 708, defendants contend that the language of the two applicable provisions must be construed narrowly and that because there was no conveyance of title the clauses should not be adhered to. However, in *Wachta* the acceleration clause read as follows:

" '[A]t the option of the holders of the note *** all unpaid in-

debtedness secured by this mortgage shall *** become due and payable immediately upon conveyance by the mortgagor of title, or the execution by the mortgagor of agreement to convey title, to all or any portion of the premises ***' " (103 Ill. App. 3d 174, 175, 430 N.E.2d 708, 710),

and refers specifically to changes in title. Nowhere in either the trust deed or the installment note are transfers limited to transfers in title. The trust deed states that all unpaid indebtedness shall be due "immediately upon any sale, assignment, transfer or conveyance of the premises." A complete assignment of all of the beneficial interests in the land trusts certainly constitutes a transfer of the premises. Had less than all of the beneficial interests been assigned/transferred, the defendants' argument would be more persuasive. However, when the substance of the transaction is considered, it is impossible to distinguish it from a sale. Furthermore, the trust deed refers to the "premises" and does not specify that the transfer must be by the undersigned (the trustee).

As to the installment note, the rider was signed by the Crowleys and the Rocks and specifies that the note will become due in the case the undersigned shall sell, transfer or convey the real estate. Unquestionably the undersigned (the Crowleys and Rocks) sold the real estate which was the subject of the note.

We, therefore, hold that the trial court erred in finding as it did that the transfer of all of the beneficial interests in Trust No. 1073388 did not violate the terms of the installment note or the trust deed. We, therefore, remand this case to the circuit court of Peoria County for further proceedings in conformity with our decision in this case.

Reversed and remanded with instructions.

HEIPLE and SCOTT, JJ., concur.